### H. E. HENNING *v.* J. H. HENNING, ETC.

**Vendor and Purchaser—Pleading—Deed—Warranty—Insolvency—Non- Residence.**

Appellant neither alleges nor proves that his acceptance of the deed and warranty was induced by fraud, nor that insolvency or non-residence rendered the covenant of warranty unavailable, nor that any breach of the warranty had occurred by eviction.

Held: That appellant was entitled to no relief, unless upon the grounds of fraud superinducing the contract.

APPEAL FROM DAVIESS CIRCUIT COURT.

February 17, 1872.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellant neither alleged nor proved that his acceptance of the deed and warranty of J. E. Henning was induced by fraud, nor that his insolvency or non-residence rendered the covenant of warranty unavailable. Nor was it alleged or proved that any breach of the warranty had occurred by the eviction, or even the disturbance of the appellant in the possession of the land. It is plain, therefore, that he was entitled to no relief, unless upon the ground of fraud superinducing the contract.

Certain misrepresentations are alleged in the answers and cross-petitions, as made by the appellee when negotiating the sale, which allegations do not seem to be sustained by the proof further than to show that the appellee professed to be able to

convey a good title, when in fact there was an encumbrance of his mother's life estate on the land; but it is not even claimed by the appellant that he was thereby deceived, misled, or seduced into the contract and the acceptance of the deed; and according to well settled principles, we are satisfied, that neither the allegations of the appellant nor proof relied on to establish fraud, is sufficient to authorize any relief on his cross-petition.

Wherefore the judgment is affirmed.

*Sweeney, Stuart,* for *appellant.*

*Ray, Little,* for *appellees.*